**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:22-cr-2-CEH-AEP

QING MCGAHA and
CAMILLE MOHAMMED

_____

**ORDER**

This matter comes before the Court on the Government's motion *in limine* (Doc. 81), and Defendant Qing McGaha's motion *in limine* and response in opposition to the United States' motion (Doc. 89). A hearing was held on February 16, 2023, at which the Court made oral rulings. This Order serves to memorialize the Court's oral pronouncements.

**DISCUSSION**

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds."

*Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).

The Government moves to preclude, and McGaha moves to admit, testimony from patients regarding their positive experience at the clinic.  The Government argues that "good care" evidence is inadmissible under a consistent line of Eleventh Circuit decisions, because evidence that the defendant provided legitimate medical treatment to some patients amounts to an improper attempt to portray her good character through prior good acts evidence. *See*, *e.g.*, *U.S. v. Ifedbiba*, 46 F.4th 1225, 1238 (11th Cir. 2022);  *U.S. v. Maltbia*, No. 21-14446, 2023 WL 1838783, *3 (11th Cir. Feb. 9, 2023).  The Government contends that such evidence would violate Federal Rules of Evidence 402, 403, 404(a) and (b), and 405(b).

McGaha argues that patient testimony is both relevant and admissible, and that it is necessary to rebut the patient experience testimony that the Government intends to offer and the Government's argument that clinic decisions were made without a legitimate medical purpose.  McGaha clarifies that she seeks to present testimony on topics that are not good character evidence, such as the appearance of the parking lot and waiting room and the practices of the office, rather than the quality of care that was received.

For the reasons discussed at the February 16, 2023, hearing, the Court will exclude patient testimony that is offered for the purpose of showing that patients received good care, which amounts to improper good character evidence.  However, the Court defers ruling on patient testimony that is offered for another purpose.  Any

2

party that wishes to offer such evidence for another purpose must approach the Court prior to eliciting the testimony so that a ruling can be made based on the specific context in which the evidence is offered.

The Government also moved to preclude the elicitation of self-serving hearsay statements from defense witnesses because they are inadmissible under Rule 801(d)(2). Both Defendants agreed that such testimony would be inadmissible. Accordingly, that aspect of the Government's motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Government's motion *in limine* (Doc. 81) is **GRANTED** to the extent that self-serving hearsay is precluded, and good patient testimony is precluded if offered to prove evidence of good patient care or good character.

2. Defendant Qing McGaha's motion *in limine* (Doc. 89) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3