UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:22-cr-2-CEH-AEP

QING MCGAHA
_____

**ORDER**

This matter comes before the Court on Defendant Qing McGaha's Motion for Compassionate Release (Doc. 256). Proceeding *pro se*, McGaha requests compassionate release because of her medical conditions and family circumstances. The Government has responded in opposition (Doc. 260), and McGaha has filed a reply (Doc. 261). McGaha also filed a brief supplement to her motion (Doc. 263), to which the Government responded in opposition (Doc. 264).

Upon review and full consideration, and being duly advised in the premises, the Court finds that the motion is due to be denied.

I.   **Background**

Qing McGaha was convicted, after a jury trial, of various counts in connection with her unlawful prescription of opioids at a pain clinic. On October 10, 2023, she was sentenced to a term of imprisonment that totaled 92 months. Doc. 239. She is currently serving her term of imprisonment at F.C.I. Marianna.

McGaha now moves for compassionate release. Docs. 256, 261, 263. In her motion, reply, and supplement, she argues that two reasons support compassionate

release under the revised legal standard that took effect in the fall of 2023. First, she explains that she is the only adequate caregiver to her elderly mother, who has various ailments and limitations including severe dementia. Although McGaha's brother lives with their mother, he and his family have experienced financial hardship because he has been unable to find work that would allow him to continue providing the care that she needs. In addition, he, too, is ill. McGaha states that she has savings to support herself so that she could care for their mother if she is released, just as she did before she was incarcerated.

Second, McGaha asserts that her medical needs are not being met by the Bureau of Prisons ("BOP"). Specifically, she has suffered from severe diabetes for the last 23 years, and, after much trial and error, learned that only a specific combination of four medications is able to control it. One of the four medications is unavailable in the BOP, as is the only medication that she can tolerate to treat her perennial allergies. As a result, her blood sugar level has risen and she has experienced frequent respiratory illnesses. McGaha further states that the BOP does not offer a diabetic diet, and she rarely receives diabetic snacks. She contends that she is at risk of serious consequences if her diabetes remains uncontrolled, including stroke, heart failure, and blindness.

In addition to those two reasons for compassionate release, McGaha asks the Court to consider that she is a first-time offender, she resides in an honor dorm and participates in prison programming, she had a successful career as a doctor, and she has served nearly half of her prison term when taking into account credits and early release. In support of her motion, McGaha attaches documentation of her mother's

and brother's medical conditions, her brother's unemployment, her own medical records from the BOP, examples of other cases, and character letters that were submitted at the time of her sentencing. Docs. 256-1, 261-1, *et seq.*

The Government opposes McGaha's motion. Docs. 260, 264. It first argues that she has not established an extraordinary and compelling reason that warrants compassionate release. In the Government's view, McGaha's medical records demonstrate that the BOP is providing adequate treatment, and she has not established that her medical conditions constitute an extraordinary and compelling reason. The Government also asserts that she has not demonstrated that she is the only available caregiver for her mother. In any event, it argues that the sentencing factors do not support a reduction in McGaha's sentence, emphasizing the seriousness of her offense and the fact that she has served only a year of her sentence.

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; […]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c). The movant bears the burden of establishing the existence of the circumstances described in § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (addressing § 3582(c)(2)).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

(1) Medical circumstances
(2) Age
(3) Family circumstances
(4) Victim of abuse
(5) Other reasons
(6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). Each of these reasons is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the reasons listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A).

### III.  Discussion

McGaha has not established that an extraordinary and compelling reason or the § 3553(a) factors entitle her to compassionate release. Accordingly, her motion must be denied.

First, McGaha has not satisfied the criteria for the extraordinary and compelling reason of family circumstances. The Guidelines' policy statement defines a defendant's "family circumstances" which constitute an extraordinary and compelling reason for compassionate release as, *inter alia*, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver[.]" U.S.S.G. §

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1B1.13(b)(3)(C). Here, McGaha has demonstrated that her mother is incapacitated, but not that McGaha is the only available caregiver. On the contrary, her brother is currently acting as their mother's caregiver, and at least one of McGaha's adult children resides in the area as well. Although her brother suffers from his own medical problems, it appears that he is still physically capable of providing the care that their mother needs. In addition, McGaha refers to her ability to support herself with her own savings if she is released so that she can be a fulltime caregiver to her mother—but does not explain why she cannot use those savings to assist her brother's family as he takes on that role, or to pay for part-time care for their mother at home so that her brother may obtain employment. The Court is sympathetic to McGaha's family circumstances and acknowledges that her incarceration is exacerbating a difficult situation. However, the Court agrees with the Government that this type of difficulty is, unfortunately, one of the foreseen consequences of incarceration. *See* Doc. 260 at 8-9. McGaha has not established that this difficulty constitutes an extraordinary and compelling reason that warrants compassionate release.

McGaha's own medical circumstances present a closer question considering the recent changes to the Sentencing Guidelines' policy statement. As relevant here, a defendant's medical circumstance may constitute an extraordinary and compelling reason for compassionate release where she is:

> suffering from a serious physical or medical condition…that substantially diminishes [her ability] to provide self-care within the environment of a correctional facility and from which…she is not expected to recover[, or…]

> suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death[, or…]
>
> due to personal health risk factors and custodial status … at an increased risk of suffering severe medical complications or death as a result of exposure to [an] ongoing outbreak of infectious disease [and] such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. §§ 1B1.13(b)(1)(A), (B)(i), (D)(ii). McGaha references these provisions in arguing that her diabetes and allergies are not being adequately treated, largely because the BOP will not give her the appropriate medications, thereby placing her at risk of fatal complications of diabetes and infectious disease due to her allergies.

The medical records corroborate McGaha's assertion that she is not receiving two medications that she requested. The notes of BOP medical staff indicate that those medications are not part of the BOP formulary, and that BOP policy requires them to exhaust all formulary options before considering her request. *See* Doc. 260-2 at 2, 6. McGaha, who is a medical doctor, explained to staff that she already determined those are the only medications that she can tolerate for her allergies and that control, with the correct combination of other medications, her diabetes. The records also indicate that her average blood sugar level was elevated as of January 2024 and that she told medical staff the true level was likely higher than this reading, *see* Doc. 261-1 at 2; Doc. 261-7 at 2, but that she declined another blood sugar test in May 2024. Doc. 260-2 at 18. There is no updated information regarding her blood sugar levels or her efforts to

exhaust formulary options in order to obtain the requested non-formulary medications.

The records provide no indication that McGaha cannot perform self-care within the prison environment, or that her respiratory infections place her at risk of severe consequences from an ongoing outbreak of infectious disease. *See* U.S.S.G. §§ 1B1.13(b)(1)(A), (D). And, although her stated concerns about her diabetes treatment could qualify as a "medical condition that requires long-term or specialized medical care that is not being provided and without which [she] is at risk of serious deterioration in health or death," *id.* § 1B1.13(b)(1)(C), McGaha has not provided sufficient evidence to meet her burden of demonstrating the existence of this circumstance. *See Hamilton*, 715 F.3d at 337. Her assertions to the Court and to medical staff that only the non-formulary medication will control her diabetes are unsupported, and therefore provide an inadequate basis for a finding of an extraordinary and compelling reason—particularly absent more recent test results and evidence that she has attempted to go through BOP's procedures for obtaining a non-formulary medication.

Even if McGaha had established the existence of an extraordinary and compelling reason, however, the § 3553(a) factors do not weigh in favor of her release. The Court acknowledges McGaha's lack of prior criminal history, her personal background, her family circumstances, and her support in the community. But the same information was before the Court at the time of sentencing. *See* Doc. 231 (defense sentencing memorandum). At that time, the Court determined that a sentence of 92

months' imprisonment would appropriately balance those factors against the seriousness of her offense—in particular, her contribution to the opioid epidemic and abuse of her position of trust—and the need to afford adequate deterrence to criminal conduct. Just 15 months later, McGaha has not demonstrated that balancing those same factors should result in a different outcome.[2] In all, she has not established her entitlement to compassionate release.

Accordingly, it is **ORDERED**:

1. Defendant Qing McGaha's Motion for Compassionate Release (Doc. 256) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court has reviewed the summaries McGaha provided of cases in which courts granted compassionate release, and does not find those cases controlling or persuasive in light of the particular circumstances presented here. *See.* Doc. 256-1 at 24-29.