**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:22-cr-2-CEH-AEP

QING MCGAHA

---

**ORDER**

This matter comes before the Court upon Defendant Qing McGaha's letter (Doc. 271), which for purposes of this Order, is construed as a motion. In her letter, Defendant seeks a modification of the amount of restitution and challenges the forfeiture of certain property imposed in her criminal judgment. The Government filed a response in opposition (Doc. 275).

On June 16, 2023, a jury found McGaha guilty of fourteen counts of unlawfully distributing controlled substances, four counts of engaging in monetary transactions in criminally derived property, and one count of filing a false tax return. Doc. 218. On October 10, 2023, the Court sentenced her to 92 months' imprisonment. Doc. 239. McGaha was ordered to pay $119,462.34 in restitution. *Id.* On October 10, 2023, the Court entered a preliminary order of forfeiture of the real property located at 1700 McMullen Booth Road, Unit C4, Clearwater, Florida. Doc. 235. On March 1, 2024, the Cour entered a final order of forfeiture Doc. 254. On October 23, 2023, McGaha filed her Notice of Appeal. Doc. 242. On April 16, 2024, McGaha's appeal was dismissed for failure to prosecute. Doc. 255.

First, McGaha challenges the taxable income she owes the Internal Revenue Service based on her underreporting of business income. Doc. 271 at 1; Doc. 227 at 12. She argues that since this sum was taken from her, she should not pay taxes on it. Doc. 271 at 1. Second, she claims the property at 700 McMullen Booth Road, Unit C4, Clearwater, Florida, was acquired using legal funds for $100,000, and thus, should not have been subject to forfeiture. *Id.* at 2. McGaha seeks a return of this $100,000 forfeiture. *Id.*

The Government responds that McGaha lost the right to challenge her restitution and forfeiture because she did not preserve this challenge at sentencing or on direct appeal. Doc. 275 at 3.

"The calculation of restitution is a matter over which district courts possess limited discretion." *Cani v. United States*, 331 F.3d 1210, 1214 (11th Cir. 2003). "Plainly, this is a determination that necessarily is rooted in the evidence, and accordingly it should be made as temporally close to the presentation of the evidence as possible." *Id.* "A prohibition on collateral attacks on such calculations plainly serves these important pragmatic and evidentiary functions." *Id.* at 1215. "[L]imiting restitution challenges to sentencing proceedings and direct appeal also serves the equally significant goal of judicial economy." *Id.* A restitution order can be modified when there is "a *bona fide* change in the defendant's financial condition." *Id.*; *see* 18 U.S.C. § 3664(k).

McGaha challenges the amount of restitution she was ordered to pay more than two years after ordered by the Court. She does not assert the existence of exceptional

circumstances to warrant a modification to her restitution order. She does not challenge her restitution order based on any changed financial condition, and she cannot collaterally attack the restitution order.

McGaha's challenge to her forfeiture order is similarly part of her criminal sentence and is properly challenged in a direct criminal appeal. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). McGaha has not properly challenged her forfeiture order in an appeal and the time to do so has passed. *See* Fed. R. App. P. 4(b). Thus, her motion fails.

Accordingly, it is

**ORDERED:**

1. Defendant Qing McGaha's motion to amend restitution and forfeiture (Doc. 271) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 10, 2026.

Charlene Edwards Honeywell

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties